UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK BLAKELY,

    Plaintiff,

v.                              Case No. 3:14cv34/MCR/CJK

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the court is defendant Wal-Mart Stores East, LP's motion for summary judgment (doc. 28). Plaintiff has not filed a response in opposition.[1] Defendant has also filed a motion to compel. (Doc. 31). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and N.D. Fla. Loc. R. 72.2. Upon careful consideration of the record, the parties' submissions, and the relevant law, the court concludes defendant's motion for summary judgment should be granted. Defendant's motion to compel, therefore, should be denied as moot.

BACKGROUND AND PROCEDURAL HISTORY

On October 30, 2013, plaintiff filed a complaint in the Circuit Court of the First

---

[1] Plaintiff is proceeding *pro se* at this stage of the case. The court *sua sponte* issued an order granting plaintiff additional time to respond to defendant's motion for summary judgment and explained the consequences of failing to do so (doc. 30). Plaintiff did not file a response to the motion for summary judgment.

Case No. 3:14cv34/MCR/CJK

Judicial Circuit in and for Santa Rosa County, Florida, alleging defendant Wal-Mart Stores, Inc., was liable for injuries plaintiff sustained when he tripped over a temporary clothing rack at a Wal-Mart shopping center. (Doc. 6-1).[2] Wal-Mart Stores, Inc., filed its answer on December 2, 2013, denying plaintiff's claims and asserting the complaint named the wrong defendant. (Doc. 6-5). On January 24, 2014, Wal-Mart Stores, Inc., removed the case to federal court based on the diversity of the parties.[3] (Docs. 1, 6). On June 20, 2014, plaintiff filed an amended complaint naming Wal-Mart Stores East, L.P. ("Wal-Mart"), as the sole defendant. (Doc. 19). The amended complaint alleged Wal-Mart breached its duty to plaintiff by failing to ensure the area where the accident occurred was in a reasonably safe condition and failing to warn plaintiff about a dangerous condition. (Doc. 19). Wal-Mart filed an answer to the amended complaint on June 23, 2014. (Doc. 20).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(a) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he mere

---

[2] The references to document and page numbers will be to those automatically generated by the CM/ECF system.

[3] Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), "a federal court in a diversity action must apply the controlling substantive law of the state." *Cambridge Mut. Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir.1983). Florida law thus governs the resolution of this action.

existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party. *Id.* Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Generally, a court must view the facts in the light most favorable to the non-moving party (here, plaintiff) and draw all reasonable inferences in favor of that party. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). However, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence that is 'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 869-70 (11th Cir. 2011). "A mere "scintilla" of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

Although plaintiff failed to respond to Wal-Mart's motion for summary judgment, the court is obligated to examine the sufficiency of the motion. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but,

rather, must consider the merits of the motion."). "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

## FACTS[4]

The following facts are drawn from the evidence in the summary judgment record (docs. 28, 29). On June 21, 2013, plaintiff entered the men's department of a retail shopping facility owned by Wal-Mart at 9360 Navarre Parkway, Navarre, Florida. (Doc. 28, Ex. 2, Gavitt Aff. ¶¶ 2-3, 6; Doc. 28, Ex. 3, Blakely Dep. at 62:22).[5] Plaintiff saw Diane Gavitt, a Wal-Mart employee, and began walking down an aisle toward her. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 6; Doc. 28, Ex. 3, Blakely Dep. at 64:12-14, 98:9-11). The aisle plaintiff walked down was four to five feet wide. (Doc. 28, Ex. 3, Blakely Dep. at 64:11-24). A temporary clothing rack being used by Gavitt to restock shelves was stationed between plaintiff and Gavitt. (Doc. 28, Ex. 2, Gavitt Aff. ¶¶ 3, 6). Plaintiff had a clear view of Gavitt while walking down the aisle, (doc. 28, Ex. 3, Blakely Dep. At 78:10-20), and the temporary clothing rack was within his field of vision (doc. 28, Ex. 2, Gavitt Aff. ¶ 6). The rack was not concealed in any way. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 5; Doc. 28, Ex. 3, Blakely Dep. 90:14 - 91:2). The rack was twenty-six inches deep, sixty-six inches wide, and seventy-eight inches tall. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 4). There was an approximately three-foot walking

---

[4] These are the facts for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) (quoting *Swint v. City of Wadley*, 5 F.3d 1435, 1439 (11th Cir.1993)) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts.'").

[5] When citing to plaintiff's deposition, the number before the colon is the page cited and the number after the colon is the line cited.

Case No. 3:14cv34/MCR/CJK

path beside the temporary clothing rack. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 4). Customers had adequate room to walk past the temporary clothing rack without coming into contact with it. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 4). To walk past the rack, plaintiff did not have to slow down or turn sideways. (Doc. 28, Ex. 3, Blakely Dep. 79:14-22). At least one foot of space existed between clothing hung on the rack and the rack's base; the base of the clothing rack was not obstructed by clothing or any other object and was in clear view. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 5; Doc. 28, Ex. 3, Blakely Dep. 82:1-4, 89:20-24). The men's department was well-lit. (Doc. 28, Ex. 3, Blakely Dep. 113:9-10). Multiple aisles in the men's department allowed plaintiff to reach Gavitt. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 7; Doc. 28, Ex. 3, Blakely Dep. 65:12 - 66:11).

As plaintiff walked toward Gavitt, he tripped on a portion of the temporary clothing rack. (Doc. 28, Ex. 2, Gavitt Aff. ¶¶ 3, 6; Doc. 28, Ex. 3, Blakely Dep. at 94:1-13, 98:9-19). Plaintiff lunged forward after making contact with the rack; his right leg hit the ground hard and he felt "something pop" in his right knee. (Doc. 28, Ex. 3, Blakely Dep. 98:9-15, 113:22 - 114:4). Plaintiff underwent surgery on his right knee for a medial meniscus tear in August or October of 2013. (Doc. 28, Ex. 3, Blakely Dep.119:12 - 120:5).

Defendant Wal-Mart provided footage from an in-store surveillance camera in support of its motion for summary judgment. (Doc. 29, Ex. 1). The facts are viewed as depicted by the video evidence, to the extent such facts are captured on camera. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that when uncontroverted video evidence is available, the court should "view[] the facts in the light depicted by the videotape"). Facts not captured on camera are viewed in the light most favorable to plaintiff. *Id.*; *see also Mathis v. Adams*, 577 F. App'x 966, 968 (11th Cir. 2014).

The video footage shows a Wal-Mart employee organizing clothing and restocking merchandise from a movable rack. (Doc. 29, Ex. 1 at 11:34:00). While the employee is working, a customer pulls the rack away from a shelf to look at merchandise located behind the rack. (Ex. 1 at 11:39:15). The temporary rack is later moved back toward the shelf. (Ex. 1 at 11:42:27). As plaintiff walks by the temporary clothes rack, his body lurches forward. (Ex. 1 at 11:47:23). The vantage point of the camera is such that the exact positioning of the temporary rack and the amount of space surrounding the rack is not readily discernible. Nor does the footage show what contact, if any, plaintiff made with the rack. Plaintiff then turns around, walks back over to the rack, and moves the rack towards another display. (Ex. 1 at 11:47:28).

## DISCUSSION

"To sustain a cause of action for negligence under Florida law, the plaintiff must prove by a preponderance of the evidence that: (1) the defendant had a duty to protect the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injuries and resulting damages." *Potash v. Orange County Lake Country Club, Inc.*, No. 6:03cv1652orl18krs, 2005 WL 1073926 at *2 (M.D. Fla. April 29, 2005) (citing *Cooper Hotel Serv., Inc. v. MacFarland*, 662 So. 2d 710, 712 (Fla. 2d DCA 1995)). "A property owner owes two duties to its business invitees: 1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises in a reasonably safe condition." *Rocamonde v. Marshalls of Ma, Inc.*, 56 So.3d 863, 865 (Fla. 3d DCA 2011) (citing *Westchester Exxon v. Valdes*, 524 So. 2d 452, 455 (Fla. 3d DCA 1988)). Here, Wal-Mart argues (1) "[t]he clothing rack was

Case No. 3:14cv34/MCR/CJK

open and obvious and not a dangerous condition for which Wal-Mart may be held liable"; and (2) "[p]laintiff's injuries are not causally related to his accident at Wal-Mart." (Doc. 28, p. 7-11).

The summary judgment evidence establishes the temporary clothing rack was not a concealed danger that plaintiff could not have discovered through the exercise of due care. The men's department, where the accident occurred, was well-lit. (Doc. 28, Ex. 3, Blakely Dep. 113:9-10). The rack was placed in an aisle between other merchandise displays and the rack was within plaintiff's field of vision (doc. 28, Ex. 2, Gavitt Aff. ¶ 6). The rack was not concealed in any way. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 5; Doc. 28, Ex. 3, Blakely Dep. 90:14 - 91:2). At least one foot of space existed between clothing hung on the rack and the rack's base; the base of the clothing rack not obstructed by clothing or any other object and was in clear view. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 5; Doc. 28, Ex. 3, Blakely Dep. 82:1-4, 89:20-24). As plaintiff did not respond to Wal-Mart's motion for summary judgment, plaintiff has submitted no evidence suggesting the temporary rack represented a concealed danger that could not have been discovered through the exercise of due care. Because the temporary clothing rack was an open and obvious condition, Wal-Mart had no duty to warn plaintiff about the rack. *See Ramsey v. Home Depot U.S.A., Inc.*, 124 So. 3d 415, 417 (Fla. 1st DCA 2013) (citing *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 576-77 (Fla. 5th DCA 2005)) ("Although a property owner has a duty to maintain its premises in a reasonably safe manner for its invitees, there is no duty to warn against an open and obvious condition which is not inherently dangerous."); *see also Krol v. City of Orlando*, 778 So.2d 490, 493 (Fla. 5th DCA 2001) ("The obvious danger doctrine recognizes that owners and occupiers should be legally permitted to assume

that the invitee will perceive that which would be obvious to them upon the ordinary use of their own senses.").

As an additional duty to the requirement to warn, which does not exist in this case, Wal-Mart must also maintain its premises in a reasonably safe condition. *See Knight v. Waltman*, 774 So.2d 731, 734 (Fla. 2d DCA 2000) ("The discharge of the duty to warn does not necessarily discharge the duty to maintain the premises in a reasonably safe condition."); *Dampier v. Morgan Tire & Auto, LLC*, 82 So.3d 204, 206 (Fla. 5th DCA 2012) ("The open and obvious nature of a hazard may discharge a landowner's duty to warn, but it does not discharge the landowner's duty to maintain the property in a reasonably safe condition."). This additional duty notwithstanding, "some conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability due to the failure to maintain the premises in a reasonably safe condition." *Dampier*, 82 So.3d at 206.

Here, Wal-Mart has presented undisputed evidence showing the temporary clothing rack plaintiff tripped over was so obvious and not inherently dangerous that Wal-Mart cannot be held liable for failure to maintain its premises in a reasonably safe condition. The rack was not concealed and there was approximately a three-foot walking path adjacent to the rack for customers to pass. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 4). The base of the clothing rack was not obstructed by clothing or any other object and was in clear view. (Doc. 28, Ex. 2, Gavitt Aff. ¶ 5; Doc. 28, Ex. 3, Blakely Dep. 82:1-4, 89:20-24). Plaintiff stated he did not have to slow down or turn sideways to pass the rack. (Doc. 28, Ex. 3, Blakely Dep. 79:14-22). Furthermore, there were multiple aisles in the men's department that would have allowed plaintiff to reach

Gavitt.  (Doc. 28, Ex. 2, Gavitt Aff. ¶ 7; Doc. 28, Ex. 3, Blakely Dep. 65:12 - 66:11). As plaintiff has presented no evidence indicating, or even allowing an inference, that the temporary clothing rack constituted an inherently dangerous condition, no reasonable jury could find in plaintiff's favor and Wal-Mart is entitled to summary judgment.

Because defendant Wal-Mart is entitled to summary judgment on the basis that no duty owed to plaintiff was breached, the court need not address Wal-Mart's causation argument.  In addition, a grant of summary judgment in Wal-Mart's favor moots Wal-Mart's motion to compel (doc. 31).

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion for summary judgment (doc. 28) be GRANTED.

2. That defendant's motion to compel (doc. 31) be DENIED AS MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of June, 2015.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:14cv34/MCR/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.